## J. W. BLUE, ET AL. v. W. C. HOOVER.

[Abstract Kentucky Law Reporter, Vol. 4—889.]

### Mortgage Invalid Against a Purchaser.

No mortgage or deed of trust conveying a legal or equitable title to real estate or personalty is valid against a purchaser for a valid consideration without notice thereof, until it shall be acknowledged or proved according to law and lodged for record, although such a deed or mortgage is valid as between the parties to it.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

April 19, 1883.

OPINION BY JUDGE LEWIS:

By Gen. Stat. 1881, ch. 24, § 10, it is provided that "No deed of trust or mortgage, conveying a legal or equitable title to real or

personal estate, shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed shall be acknowledged or proved according to law, and lodged for record."

So if even it be true, which we think has been shown, that the paper was signed and delivered by Hoover to appellants, and therefore valid as a mortgage of the lots of land as between the parties to it, still it is not valid against appellee who is a purchaser for a valuable consideration, unless he at the time he purchased had notice it was so executed and delivered. Whether he had such notice is the only question in the case.

We think that the averment by the appellee in his answer that he "had no knowledge or information whether or not his codefendant, Hoover, ever signed or agreed to sign said pretended mortgage to the plaintiff only from what the parties told him," when considered in connection with the recital of what the plaintiffs claimed and what took place between him and Hoover, amounts to a sufficient denial of the allegation in the petition on that subject and puts in issue the question of notice. Whether he had such notice or not must therefore depend upon the evidence.

Appellant, Haynes, does not in his deposition say that he informed appellee that the mortgage had been executed, but simply that Hoover and appellant, Blue, and himself had agreed to give them a mortgage. In fact, Haynes states in his deposition that he is not positive Hoover did sign it. Appellee in his deposition states that when Hoover came to him to sell the lots he asked him if appellants did not have a mortgage on the land, and that Hoover told him in reply that they had not; that they had given him a mortgage to acknowledge but that he had not done it and did not intend to do it. At that time Hoover had the mortgage in his possession and read it to appellee.

There is no evidence whatever of an affirmative nature that appellee was ever informed or knew the mortgage had been signed by Hoover. On the contrary, the language of the appellant, Haynes, at the time he was attempting to sell the land to appellee as Hoover's agent, that "Hoover had agreed to give them a mortgage," considered in connection with the possession of the paper by Hoover and his declaration at the time he sold to appellee, was well calculated to satisfy appellee that it had not been signed but that it was

then optionary with Hoover whether he would execute and acknowledge it or not. Nor do we think the circumstances were such as to put appellee upon inquiry, for the possession and control of the paper by Hoover might have been reasonably regarded by appellee as conclusive of Hoover's right to execute and acknowledge the mortgage or not as he pleased.

The judgment must be *affirmed*.

*J. W. Blue, for appellants.*

*Eugene P. Moore, Wm. Lindsay, for appellee.*